UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KRISTINA LYSIKOV, *an individual*,

    Plaintiff,

v.

SHRINERS HOSPITALS FOR CHILDREN, *a corporation*,

    Defendant.

Case No. 3:23-cv-280-AR

**FINDINGS AND RECOMMENDATION**

**ARMISTEAD, Magistrate Judge**

    Kristina Lysikov brings this religious discrimination action against her former employer, Shriners Hospitals for Children. Lysikov alleges that Shriners unlawfully discriminated against her when it denied her request for a religious exemption to its mandatory COVID-19 vaccine policy and then fired her. She says that Shriners failed to make a good-faith effort to reasonably accommodate her religious beliefs, violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and Oregon's statutory parallel, ORS § 659A.030. (Compl. ¶¶ 17-25, ECF No. 1.)

Page  1  – FINDINGS AND RECOMMENDATION

Shriners moves to dismiss Lysikov's claims with prejudice under Federal Rule of Civil Procedure 12(b)(6), arguing that her claims fail because she does not allege an actual conflict between her sincerely held religious beliefs and the vaccine mandate. (Def.'s Mot. at 8, ECF No. 8.) In Lysikov's view, her Complaint adequately describes the conflict between her religious beliefs and the vaccine mandate, and Shriners' motion improperly asks the court to assess the sincerity or consistency of Lysikov's beliefs. (Pl.'s Resp. at 4-6, ECF No. 10.) The court concludes that Lysikov's allegations regarding the conflict between her religious beliefs and the vaccine requirement are conclusory and fail to identify an actual conflict.

Even if Lysikov can state a *prima facie* case, Shriners asks that her claims be dismissed with prejudice because accommodating her religious beliefs would have imposed an undue hardship on Shriners, by creating a health and safety risk and by forcing Shriners to violate Oregon and federal law. (Def.'s Mot. at 11-17.) Lysikov contends that there is insufficient evidence at this stage to show that accommodating her request would have imposed any undue hardship on Shriners. (Pl.'s Resp. at 8-12.) The court agrees with Lysikov that Shriners fails to establish the affirmative defense of undue hardship at this stage.

Accordingly, Legacy's motion to dismiss should be granted in part and denied in part.[1]

\\\\\

\\\\\

## LEGAL STANDARD

---

[1] The parties request oral argument. The court, however, does not believe that oral argument would help resolve the pending motion. *See* LR 7-1(d)(1).

Page 2 – FINDINGS AND RECOMMENDATION

A court will grant a Rule 12(b)(6) motion to dismiss for failure to state a claim when a claim is unsupported by a cognizable legal theory or when the complaint is without sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Assessing the sufficiency of a complaint's factual allegations requires the court to (1) accept that plaintiff's well-pleaded material facts alleged in the complaint are true; (2) construe factual allegations in the light most favorable to plaintiff; and (3) draw all reasonable inferences from the factual allegations in favor of plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). A plaintiff's legal conclusions that are couched as factual allegations, however, need not be credited as true by the court. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plausibility is the plaintiff's keystone to surviving a motion to dismiss. That is, a complaint's factual allegations must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Plausibility is not probability, but plausibility "asks for more than a sheer possibility

that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

The court construes as true the factual allegations of Lysikov's Complaint. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022). Lysikov worked for Shriners as a registered nurse from 2016 until she was fired in October 2021. (Compl. ¶¶ 5, 11.) Throughout her employment, she consistently received positive reviews. (*Id.* ¶ 5.)

In February 2020, the COVID-19 pandemic first appeared in Oregon. (*Id.* ¶ 7.) As a registered nurse who worked directly with patients, Lysikov was at risk of becoming infected with COVID-19. (*Id.* ¶ 8.) Despite that risk, Lysikov continued to perform her job and provide high-quality work. For 18 months, she scrupulously followed hospital rules and regulations to protect against infection. Those precautions included wearing personal protective equipment (PPE), handwashing, social distancing, and quarantining if necessary. Shriners did not require that Lysikov be tested regularly for COVID-19, concluding that because she wore PPE and followed hospital protocols, she was not at risk of exposure. (*Id.* ¶ 10.)

In the summer of 2021, Shriners implemented a requirement that employees get vaccinated against COVID-19. (*Id.*) Lysikov, a devout Christian, did not believe it was consistent with her faith to receive the vaccine, so she requested a religious exemption from the vaccine requirement. She submitted documentation and paperwork supporting her request. (*Id.* ¶ 11.)

After Lysikov submitted her request, Shriners' Human Resources department questioned her about the validity of her religious beliefs. Lysikov was also subjected to hostile comments

Page 4 – FINDINGS AND RECOMMENDATION

from co-workers about the unvaccinated. (*Id*. ¶ 12.) Shriners ultimately denied Lysikov's exemption request and fired her on October 18, 2021. (*Id*. ¶ 11.)

## DISCUSSION

Title VII makes it unlawful for an employer "to discharge any individual … because of such individual's … religion[.]" 42 U.S.C. § 2000e–2(a)(1). Likewise, ORS § 659A.030 makes it unlawful under Oregon law to "discharge [any] individual from employment" because of the "individual's … religion." For Title VII religious claims, the "term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's … religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). ORS chapter 659A does not define "religion," but plaintiffs' state-law claims under ORS § 659A.030 are analyzed the same way as their Title VII claims. *See Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("Because O.R.S. 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim can be analyzed together with her federal discrimination claim."); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 n.2 (9th Cir. 1993).

A.  *Whether Lysikov Has Sufficiently Pleaded a Bona Fide Religious Belief Conflicting with the Vaccine Mandate*

To establish religious discrimination under Title VII and ORS 659A.030 based on a failure to accommodate theory, a plaintiff must plead that (1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer discharged her because of her inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

"The Supreme Court has, albeit in the free exercise context, cautioned against second-guessing the reasonableness of an individual's assertion that a requirement burdens her religious beliefs, emphasizing that a court's 'narrow function … in this context is to determine whether the line drawn reflects an honest conviction.'" *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) (internal quotation marks omitted)). "[T]he resolution of [whether a belief is religious] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas v. Review Bd.*, 450 U.S. 707, 714 (1981). Although "the burden to allege a conflict with religious beliefs is fairly minimal," courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value" and must still ask "whether [a plaintiff] has alleged an actual conflict." *Bolden-Hardge*, 63 F.4th at 1223 (citations omitted). Courts must also distinguish between conflicts that are "rooted in religious belief" as opposed to those based on "'purely secular' philosophical concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *United States v. Seeger*, 380 U.S. 163, 185 (1965)).

Lysikov argues that she has "pleaded specific facts about her devotion to Christianity and how the ten[e]ts of her Christian faith conflicted specifically with taking the COVID-19 vaccine." (Pl.'s Resp. at 7.) In her Complaint, she alleges: that she is "a devoutly religious individual who adheres to principles of a Christian faith"; that she "did not believe it was consistent with her faith to take the vaccine"; that she has "devout and sincerely held religious belief" in the tenets of Christianity; and that her sincerely held religious beliefs conflicted with

Page 6 – FINDINGS AND RECOMMENDATION

the vaccine mandate. (Compl. ¶¶ 5, 11, 17-19, 22-24.) She also alleges that she "submitted documentation and paperwork" related to her exemption request, and "was questioned by Human Resources regarding the validity of her deeply held religious beliefs." (*Id.* ¶¶ 11, 13.) Lysikov offers no other information about her religious beliefs or how they conflict with the vaccine requirement. (*See id.*)

As numerous courts in this district have concluded, "a general allegation of religious conflict without identifying a conflicting belief is insufficient to survive a motion to dismiss." *DeVito v. Legacy Health*, Case No. 3:22-cv-01983-YY, 2024 WL 687943, at *3 (D. Or. Feb. 19, 2024); *Kather v. Asante Health Sys.*, Case No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023) ("[V]ague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations. . . . a threadbare reference to religious beliefs is insufficient at the motion to dismiss stage." (quotation marks omitted)); *Stephens v. Legacy-GoHealth Urgent Care*, Case No. 3:23-cv-00206-SB, 2023 WL 7612395, at *3-6 (D. Or. Oct. 23, 2023) (holding that plaintiff's general allegations that she was a "devout Christian" and that she "did not believe it was consistent with her faith to take the vaccine" were insufficient), *findings and recommendation adopted by* 2023 WL 7623865 (D. Or. Nov. 14, 2023).

Accepting that Lysikov is a devout Christian who adheres to the principles of the Christian faith, and that she "did not believe it was consistent with her faith to take the vaccine," she has still failed to allege any religious belief that conflicted with Shriners' vaccination requirement. Because Lysikov's conclusory allegations fail to allege a belief conflicting with the vaccine requirement, her claims should be dismissed.

Page 7 – FINDINGS AND RECOMMENDATION

Shriners contends that the court should dismiss Lysikov's claims without leave to amend. (Def.'s Mot. at 3-5, 11.) In its view, Lysikov will be unable to remedy the Complaint's deficiency by alleging a conflict. (*Id.* at 11.) Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)).

Shriners does not explain why it thinks Lysikov cannot allege a conflict between her religious beliefs and the vaccine mandate. Without more information, the court cannot conclude that Lysikov will be unable to provide more facts showing the conflict between her religious beliefs and the vaccine requirement. Lysikov's claims should therefore be dismissed with leave to amend.

**B.**     *Undue Hardship*

Shriners also asks the court to dismiss Lysikov's claims with prejudice because accommodating her religious beliefs would have imposed an undue hardship on Shriners. As the Supreme Court recently clarified, to establish undue hardship, an employer must "show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Groff v. DeJoy*, 600 U.S. 447, 470 (2023).

Undue hardship is an affirmative defense to a claim for failure to accommodate. *Bolden-Hardge v. Off. of Cal. State Controller*, 63 F.4th 1215, 1224 (9th Cir. 2023). Accordingly, "dismissal on that ground is proper only if the defendant shows some obvious bar to securing

Page 8 – FINDINGS AND RECOMMENDATION

relief on the face of the complaint or in any judicially noticeable materials." *Id.* (quotation marks and citations omitted). Determination of whether a particular accommodation would have posed an undue hardship is a factual inquiry that "must be determined within the particular factual context of each case." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999); *accord Groff*, 600 U.S. at 473 (describing the "undue-hardship standard" as a "context-specific standard").

Shriners contends that this court can determine as a matter of law that any accommodation of plaintiffs' requests would have imposed an undue hardship, because allowing Lysikov to work while unvaccinated would have (1) created a safety risk for Shriners' employees, patients, and visitors, and (2) forced Shriners to violate both Oregon and federal regulations.

Shriners points to OAR 333-019-1010, a rule that permanently codified three temporary administrative orders promulgated by the Oregon Health Authority in August and September 2021. OAR 333-019-1010, OREGON HEALTH AUTHORITY, PH 11-2022 (Jan. 31, 2022).[2] Together, the temporary orders required that health care providers and staff be vaccinated against COVID-19 or receive a medical or religious exemption, and provided a form for healthcare workers seeking exemptions. See PH 34-2021 (effective August 5, 2021); PH 38-2021 (effective August 25, 2021); and PH 42-2021 (effective September 1, 2021). If an employer granted a religious exemption, the Rule required that the employer "take reasonable steps to ensure that unvaccinated healthcare providers and healthcare staff are protected from contracting and

---

[2]     OAR 333-019-1010 was suspended on May 10, 2023. *See* OREGON HEALTH AUTHORITY, PH-28-2023.

Page  9  – FINDINGS AND RECOMMENDATION

spreading COVID-19." OAR 333-019-1010(4). The Rule also noted that "Fully vaccinated people get COVID-19 . . . much less often than unvaccinated people. Being vaccinated is critical to prevent spread of COVID-19." OAR 333-019-1010(1).

Shriners also references a federal regulation promulgated by the Centers for Medicare & Medicaid Services, which imposed a similar vaccination requirement on healthcare providers like Shriners, and required that providers "minimize the risk" of COVID-19 transmission by unvaccinated employees who received a religious or medical exemption.[3] Medicare and Medicaid Programs; Omnibus COVID-19 Health Care Staff Vaccination, 86 Fed. Reg. 61,555, 61,572 (Nov. 5, 2021).

Because Lysikov worked directly with medically vulnerable patients (Def.'s Mot. at 2), and because "being vaccinated against COVID-19 is the gold standard in preventing transmission" (*id.* at 16 (citing OAR 333-019-1010(1))), Shriners contends that anything less than vaccination would have created a safety risk for patients and employees and violated the Oregon and federal regulations.[4] Shriners' argument rests on the proposition that no other

---

[3]     The federal regulation has little, if any, relevance to Shriners' motion because Shriners denied Lysikov's exemption request and fired her before that regulation took effect on November 5, 2021. 86 Fed. Reg. at 61,555; (Compl. ¶ 11); (Def.'s Mot. at 7 n.5 (stating that Shriners' motion addresses "the law at the time of Ms. Lysikov's requested exemption and ultimate termination")).

[4]     The court agrees that, if accommodating Lysikov's request would have caused Shriners to violate Oregon or federal law, it would have imposed undue hardship. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830-31 (9th Cir. 1999) ("[A]n employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law. . . . the existence of such a law establishes 'undue hardship.'").

preventive measures, including those suggested by Lysikov, would have been as effective as vaccination in minimizing the spread of COVID-19.

But that fact is not apparent from Lysikov's Complaint, which alleges that Shriners could have accommodated her and complied with Oregon and federal regulations by requiring Lysikov to wear PPE, submit to regular testing, or adhere to other preventive measures, as she had done for the first 18 months of the pandemic. (Compl. ¶¶ 19, 24.) Nor is it apparent from OAR 333-019-1010, which allows for religious exemptions as long as the employer takes "reasonable steps" to ensure that unvaccinated staff do not spread and contract COVID-19, and does not indicate that religious exemptions to the vaccine requirement are categorically inappropriate for employees who work directly with medically vulnerable patients. *See* OAR 333-019-1010; *MacDonald v. Or. Health & Sci. Univ.*, 689 F. Supp. 3d 906, 918 (D. Or. 2023) ("[I]nherent in [OAR 333-019-1010(4)] is at least an implicit recognition that there are steps that an employer could plausibly take, in lieu of a COVID-19 vaccine, to protect workers and staff from spreading and contracting COVID-19.").

Without extrinsic evidence about other preventive measures that Shriners might have taken, the court cannot conclude at this stage that accommodating Lysikov would have imposed an undue hardship. At a later stage of the case, Shriners may be able to establish that any accommodations would have resulted in "substantial increased costs in relation to the conduct of [Shriners'] particular business," *Groff,* 600 U.S. at 470, including because other preventive measures would have been less effective than vaccination in preventing the spread of COVID-19. But it does not make that showing at this stage.

## CONCLUSION

For the above reasons, Shriners' motion to dismiss (ECF No. 8) should be GRANTED IN PART and DENIED IN PART. Lysikov's claims should be dismissed with leave to amend.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due within fourteen days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: September 20, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge